A02A2418. SEWELL v. DEPARTMENT OF TRANSPORTATION.
(578 SE2d 233)

MILLER, Judge.

Sarah Sewell, executrix of the last will and testament of Ray Sewell, appeals from the trial court's denial of her motion for attorney fees and reasonable expenses of litigation. On appeal she contends that she was entitled to such fees and expenses pursuant to OCGA § 22-2-84.1, because the jury in the condemnation proceedings below returned a verdict in her favor for an amount that was over 20 percent greater than the amount offered by the Department of Transportation to buy the estate's property. We find Sewell's arguments to be without merit and affirm.

The relevant facts of record reveal that in August 1998, pursuant to OCGA § 32-3-1 et seq., the DOT filed a petition for condemnation and declaration of taking in the Superior Court of Haralson County to acquire property owned by Sewell. The DOT also deposited $11,500 into the court registry as just compensation for the property.

---

[4] (Punctuation omitted.) *David Enterprises*, supra.
[5] See *Ellis v. Stanford*, 256 Ga. App. 294, 297 (3) (568 SE2d 157) (2002).

Sewell objected to the amount offered for the property, claiming that it did not represent the fair market value for the property, and requested a jury trial to resolve the issue of just compensation. Sewell did not request that the trial court appoint an independent assessor to determine the value of the property. See OCGA § 32-3-15 (b).

Following the trial, the jury returned a verdict in favor of Sewell, determining that the value of the property taken and consequential damages to the remaining property totaled $81,787. Sewell then filed a motion for attorney fees and expenses of litigation pursuant to OCGA § 22-2-84.1 (a) and (b), arguing that the size of the jury verdict in her favor entitled her to such fees and expenses. The trial court denied the motion, prompting this appeal.

Sewell's argument that she is entitled to attorney fees and other expenses pursuant to OCGA § 22-2-84.1 is without merit. OCGA § 22-2-84.1 (a) states:

> If the *condemnor* appeals to the superior court from the assessors' award, the condemnor shall be liable for reasonable expenses incurred by the condemnee in determining just and adequate compensation in the superior court unless the judgment in such court is for an amount of compensation which is less than the assessors' award by at least 20 percent. If the condemnee appeals to the superior court from the assessors' award, the condemnee shall be liable for reasonable expenses incurred by the condemnor in determining just and adequate compensation in the superior court unless the judgment in such court is for an amount of compensation which is greater than the assessors' award by at least 20 percent. If both the condemnor and condemnee appeal to the superior court from the assessors' award, neither shall be liable for the other's appeal expenses.

(Emphasis supplied.) Under OCGA § 22-2-84.1 (b), reasonable expenses include attorney fees.

The plain language of subsection (a) indicates that the condemnor, in this case the DOT, is in no way liable for the expenses incurred by Sewell. The DOT would only be liable for Sewell's expenses under the statute if *the DOT* appealed to superior court from an assessor's award and the superior court's judgment was not at least 20 percent less than the assessor's award. There was no assessor appointed in this case, let alone an assessor's award from which *the DOT* appealed. *Sewell* was the one challenging the amount offered by the DOT for the property, and again this challenge had nothing to do with an assessor's award. The plain language of the

statute indicates that if *Sewell* had appealed from an assessor's award, she would be the one liable for the DOT's expenses unless the superior court judgment were at least 20 percent greater than the assessor's award, not that the DOT would be liable to Sewell if the judgment were at least 20 percent greater.

To the extent that Sewell argues that any error in her failure to appeal from an assessor's award only occurred because the trial court erroneously failed to appoint an assessor, we find such argument to be without merit because Sewell failed to petition the trial court for the appointment of an assessor. See OCGA § 32-3-15 (b). The trial court did not err in denying Sewell's motion for attorney fees and expenses.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Jack F. Witcher*, for appellant.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Smith, Shaw & Maddox, Daniel M. Roper*, for appellee.